UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YEKATERINA MALEVANNAYA and
ROMAN MALEVANNAYA,

                Plaintiff,

    v.

TRANSUNION,

                Defendant.

CASE NO. C13-5325 BHS

ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

This matter comes before the Court on Yekaterina Malevannaya and Roman Malevannaya's ("Plaintiffs") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1).

On April 29, 2013, Plaintiffs filed the instant motion and proposed complaint alleging that Defendant Transunion discriminated against them because they are listed as deceased individuals on credit reports. Dkt. 1–1.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the

ORDER - 1

"privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In this case, Plaintiffs have failed to show that the Court should exercise its discretion to allow this matter to proceed because Plaintiffs cannot possibly win relief on the claim they have asserted. The inaccurate reporting of credit information is not a cognizable civil rights violation. Although under some circumstances Plaintiffs may seek judicial review of credit reporting inaccuracies, such claims are based on the failure to correct inaccuracies and not discrimination because of an individual's national origin. Moreover, when asserting such claims, there may exist preliminary requirements that

1 | Plaintiffs notify the credit reporting agency of the inaccuracies and exhaust possible
2 | private remedies.
3 |     Therefore, it is hereby **ORDERED** that Plaintiffs' motion to proceed *in forma*
4 | *pauperis* is **DENIED**, the motion to appoint counsel is **DENIED** as moot, and Plaintiffs
5 | complaint is *sua sponte* **DISMISSED**. The Clerk shall close this case.
6 |     Dated this 1st day of May, 2013.

                                                                                       */s/ Benjamin H. Settle*
                                                                        BENJAMIN H. SETTLE
                                                                         United States District Judge